NOT FOR PUBLICATION                                [Docket No. 19]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

KENNETH GIBSON,                      :
                                     :
              Plaintiff,             : Civil Action No. 05-4479(RMB)
                                     :
         v.                          : **OPINION**
                                     :
MILTON V. ZISMAN, et al.,            :
                                     :
              Defendants.            :
_____    :

**APPEARANCES:**

Timothy P. Creech, Esquire
Kogan, Trichon & Wertheimer, PC
1818 Market Street, 30th Floor
Philadelphia, Pennsylvania 19103
(215) 575-7618
      Attorney for Plaintiff

Daniel James Distasi, Esquire
Green, Lungren & Ryan, P.C.
1010 Kings Highway South, Building 2
Cherry Hill, New Jersey 08034
(856) 428-5800
      Attorney for Defendant Milton V. Zisman

Kevin S. Smith, Esquire
Resorts International Hotel, Inc. Legal Department
1133 Boardwalk
Atlantic City, New Jersey 08401
(609) 340-6777
      Attorney for Defendant Resorts International Hotel & Casino

**BUMB**, District Judge**:**

     This matter comes before the Court upon a motion for summary

judgment by Defendant Milton Zisman, the individual Defendant in

the above-captioned matter.

**BACKGROUND**:

On the evening of June 26, 2005, Plaintiff Kenneth Gibson went to Defendant Atlantic City Resorts Hotel & Casino ("Resorts Casino") to play Spanish 21.  After playing for about two hours, Plaintiff went to cash out at the cashier, which was about 100 yards from the card table.

Plaintiff alleges that as he was walking to the cashier he tripped over a walker used by Defendant Zisman, an elderly man in his late eighties, who was standing near a blackjack table. Zisman was not playing, but was waiting for his son-in-law to finish playing a game of dice.

Defendant Zisman now moves for summary judgment.  He contends that there is no evidence to support negligence on his part.


**STANDARD FOR SUMMARY JUDGMENT**:

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a

---

[1]     The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**DISCUSSION:**

The record before this Court is absolutely devoid of any evidence that Defendant Zisman acted negligently and thus, there is no issue of fact that remains to be decided by a jury. Indeed, the Plaintiff's own sworn testimony demonstrates that it was the Plaintiff, not Zisman, who caused his own injuries. Plaintiff, who was clearly familiar with the layout of the casino, (Pl.'s Nov. 26, 2006, Dep. at 9), testified as follows:

    Q.   You were focused on getting through the crowd to the
         cashier's desk; is that fair to say?

    A.   To cash in, that's all I was trying to do.

3

Q.    So you observed neither the gentleman or his walker
      before this all happened?

A.    No.

(Pl.'s May 26, 2006, Dep. at 35).

Moreover, there is no evidence to support Plaintiff's
allegation that the wheels of Defendant Zisman's walker were
turned out, causing the accident.   Indeed, the evidence
contradicts the Plaintiff's theory.   Defendant Zisman testified
that the wheels of the walker do not turn and Plaintiff caused
them to turn out when he hit Zisman.

Q.    (to Zisman):  But you do know that the wheels don't
      turn; right?  They just go backward and forward.

A.    Yeah, I guess so.

Q.    Do the wheels turn?

A.    Yeah.  No.

Q.    (to Zisman): Were the wheels turned out in the aisle
      the night where the man fell at Resorts?

A.    Yeah, they must have turned a little bit because when
      he hit me here, it went like that.

Q.    But prior to being hit in your left shoulder, where
      were the wheels?

A.    This way in front of me.

Q.    Were they out in the aisle?

A.    No, they were right behind the Black Jack table.

Q.    But that is the front wheels?

A.    Yeah.

Q.    Where were the back wheels?

4

> A.    Right behind them.  Right there, and I was standing
>       there like this looking over the shoulder of the person
>       playing.

(Def.'s May 26, 2006, Dep. at 155)[2]

In sum, the evidence before this Court demonstrates that the Plaintiff, who was looking straight ahead, and nowhere else, according to his own testimony, in the crowded casino did not see the Defendant or his walker.  There is no evidence whatsoever to support Plaintiff's assertion that Defendant negligently used or was standing with his walker as to cause this accident.

In his opposition to the summary judgment motion, Plaintiff argues that "[c]ircumstantial evidence suggests [Defendant] may have very well moved his walker just as Mr. Gibson walked by him or at some point while he was watching the black jack game." (Pl.'s Response, at 2).  This court disagrees.  There is absolutely no evidence to support Plaintiff's argument – especially in light of Plaintiff's own testimony that he neither saw the Defendant's walker before the fall nor saw Defendant move the walker into Plaintiff's path. (Pl.'s Dep. at 88).

Unfortunately for Plaintiff (and perhaps more so for Mr. Zisman who has been forced to defend this suit), he has come to

---

[2]    Plaintiff cites to this portion of Defendant's testimony to support his argument that the Defendant turned the wheels of his walker.  Plaintiff misconstrues this testimony.  Clearly, Defendant Zisman testified that the wheels turned, not because he, Zisman, turned them, but because the Plaintiff struck the walker causing them to turn.

several different conclusions as to what caused his fall as this
case has evolved.  Initially, in his Complaint, Plaintiff
"concluded" that he tripped over Mr. Zisman's "luggage or
carrying case" which was allegedly "moved into Plaintiff's path".
[Pl.'s Comp. at ¶ 19c].[3]  Plaintiff now asks this Court to
conclude that it could have been Mr. Zisman's negligent use of
his walker that caused the accident.  This conclusion is based on
mere speculation and conjecture and cannot withstand summary
judgment -- "[t]he party opposing summary judgment may not rest
upon the mere allegations or denials of the pleading; its
response... must set forth specific facts showing that there is a
genuine issue for trial."  Saldana v. Kmart Corp., 260 F.3d 228,
232 (3d Cir. 2001).

Moreover, even if Plaintiff creates an issue of fact as to
whether the walker caused the fall, he has failed to demonstrate
that there is any issue of fact as to whether Zisman breached any
duty to the Plaintiff.  See Wasielewski v. Sands Hotel & Casino,
2005 U.S. Dist. LEXIS 8438 at * 12 (D.N.J. May 10, 2005) ("[e]ven
if Plaintiffs could raise a material issue of fact as to the
cause of her fall, she would still need to show some type of
breach of duty on the part of the casino.").  There is no

---

[3] This Court is also astonished by Plaintiff's contention,
in his Complaint, that an elderly man who needed a walker to get
around was "moving too quickly under the crowded circumstances."
(Pl.'s Comp. at ¶ 19f)

6

evidence in the record that Zisman breached his duty of care –
thus, Plaintiff has failed to submit any evidence showing that
any genuine issue of fact exists as to whether Mr. Zisman was
negligent.


**CONCLUSION:**

In closing, this case is tragic, not because Plaintiff
apparently sustained injuries, which is unfortunate, but because
Plaintiff has ensnared a very elderly man into Court based upon
no evidence, just pure conjecture.  The Defendant's Motion for
Summary Judgment will be **GRANTED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 20, 2007